UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CARL C. GILBERT, JR.,

Petitioner,

v. Case No. 26-CV-1815

ANNA MARIA HODGES et al.,

Respondents.

---

**ORDER**

---

Petitioner Carl C. Gilbert, Jr., is representing himself and is confined at Sand Ridge Secure Treatment Center under a civil commitment under Wis. Stat. ch. 980. Petitioner has filed a Petition for a Writ of Mandamus along with a motion for leave to proceed without prepayment of the filing fee. The Court has reviewed the affidavit submitted in support of the motion and concludes that Petitioner lacks sufficient income and/or assets to pay the filing fee. District courts are permitted to screen every filing, regardless of a petitioner's fee status. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994).

Petitioner has filed a Petition for a Writ of Mandamus asserting that two Milwaukee County Clerk employees and a Milwaukee County Circuit Judge have refused to accept two separate writs of mandamus Petitioner attempted to file. He also alleges that two social workers have hindered him from e-filing his documents with the Milwaukee County Clerk's Office. (ECF No. 1.)

Two federal statutes govern writs of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Section 1361 vests the district court with authority to issue a writ of mandamus compelling a federal officer or agency to perform a duty owed to the petitioner. *See* 28 U.S.C. § 1361. Section 1651 allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

Neither statute allows federal courts to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.*, No. 11-33-GPM, 2011 WL 334291, at *1 (S.D. Ill. Jan. 29, 2011) ("Mandamus relief is not available against state and local officials, including state judicial officials." (collecting cases)). Because relief is not available under 28 U.S.C. §§ 1361 and 1651, this Court lacks jurisdiction over the Petition. Even though mandamus relief is not available to Petitioner, he may file a civil rights complaint under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin on October 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge